IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY MANSFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00936 ) |
| BRENTWOOD POLICE DEPARTMENT, | ) JUDGE RICHARDSON ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a pro se Complaint for violation of civil rights (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jeremy Mansfield, an inmate of the Williamson County Jail in Franklin, Tennessee. Plaintiff has also filed a motion for appointment of counsel (Doc. No. 7) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 9).

The case is now before the Court for ruling on the IFP application and motion for appointment of counsel, and an initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## **APPLICATION TO PROCEED IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 9) is **GRANTED**.

Under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides

prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. *Id.* § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the prison in which Plaintiff is currently housed to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this

Order.

## **INITIAL REVIEW OF THE COMPLAINT**

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure,

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## III. ANALYSIS

Plaintiff sues the Brentwood, Tennessee Police Department for the use of excessive force in arresting him on October 29, 2021, allegedly resulting in a "broke[n] back" subsequently confirmed by hospital x-rays. (Doc. No. 1 at 3–5.) As relief, he seeks $25,000 in compensatory damages. (*Id.* at 5.) He does not allege any further facts about the circumstances of his arrest or how his back was broken, nor does he identify the arresting officer(s).

The Brentwood Police Department is not an entity capable of being sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Even if the Complaint could be liberally construed to seek relief against the City of

Brentwood, "[t]o plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff does not allege that the application of force or the harm he suffered resulted from the execution of any municipal policy or custom. Accordingly, Plaintiff has failed to plausibly allege a right to relief against a proper defendant.

Moreover, although Plaintiff claims that his constitutional rights were violated and that he suffered a significant injury, the Complaint's sparse factual allegations are not sufficient to support a plausible claim to relief even if he had sued a proper defendant. The rules governing pleading in federal court require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). For this case to proceed beyond initial screening, Plaintiff's claim of excessive force that resulted in a broken back must be supported by "sufficient factual matter, accepted as true," to plausibly claim a right to relief from a proper defendant. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see Scott v. Stewart Cnty. Sheriff's Off.*, No. 3:12-cv-00268, 2012 WL 1038761, at *2 (M.D. Tenn. Mar. 27, 2012) (screening claim of excessive force in the course of an arrest and noting that the inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the

officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight") (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

While the Complaint is not viable as currently constituted, the Court in the interest of justice will give Plaintiff the chance to amend his Complaint to provide factual allegations in support of his claim of excessive force, and to identify a proper defendant. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

## CONCLUSION

As described above, Plaintiff's IFP application (Doc. No. 9) is **GRANTED**, and the $350 filing fee is **ASSESSED** against his inmate trust account.

While the Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, the Court will allow Plaintiff (considering his pro se status) to file an amended complaint addressing the deficiencies highlighted above within **30 DAYS** of the entry of this Order. The Clerk is **DIRECTED** to provide Plaintiff with an appropriate form for filing a Section 1983 complaint (Pro Se Form 14). Plaintiff must use the form provided by the Clerk and must include responsive information in all fields of the form. Plaintiff is cautioned that failure to file an amended complaint within 30 days or to seek an extension of this deadline before it expires will result in dismissal of this action.

Finally, with the case in this posture, Plaintiff's motion for appointment of counsel (Doc. No. 7) is **DENIED WITHOUT PREJUDICE** to renewal if warranted by future circumstances.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE