IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY MANSFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-cv-00936 |
| ) | |
| BRENTWOOD POLICE DEPARTMENT, ) | JUDGE RICHARDSON |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On March 16, 2022, the Court granted Plaintiff Jeremy Mansfield's application for pauper status; assessed the $350 filing fee and ordered its collection in installments from his inmate trust account under 28 U.S.C. § 1915(b); and conducted an initial review of his pro se Complaint as required by the Prison Litigation Reform Act (PLRA), *id.* §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. (Doc. No. 10.) The Court found the Complaint subject to dismissal for failure to state a viable claim for relief, (*id.* at 4–6), but gave Plaintiff 30 days to cure the defects identified by filing an amended complaint that "provide[s] factual allegations in support of his claim of excessive force" and "identif[ies] a proper defendant." (*Id.* at 6.)

However, on April 6, 2022, the Court received a notice from Plaintiff advising that he "would like to drop" this case against the Brentwood Police Department and that he would like the Court to "please quit taking money off [his] account." (Doc. No. 11.)

The Court construes Plaintiff's request "to drop" this lawsuit as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See Harris v. Adams Cnty. Domestic Relations*, No. 1:14-cv-2074, 2015 WL 5895502, at *2 (M.D. Pa. Sept. 30, 2015) (construing pro se plaintiff's letter request for dismissal, submitted in lieu of compliance with

direction to make additional filing, as notice of voluntary dismissal under Rule 41(a)(1)(A)(i)). Under this Rule, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal in such circumstances is "self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal," and is "effective immediately upon . . . filing." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993); *see Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) ("Under Rule 41(a)(1), a qualifying plaintiff has an absolute right to withdraw its action and, once a notice of dismissal is filed, a district court 'has no discretion to deny such a dismissal.'") (quoting *Aamot*, 1 F.3d at 443).

Accordingly, Plaintiff voluntarily dismissed this case without prejudice on April 6, 2022. Although no order is necessary to effectuate this disposition, as an administrative matter, the Clerk is **DIRECTED** to close this file.

As to Plaintiff's request that collection of the filing fee be discontinued, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed[.]" *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Thus, "by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." *Id.* In short, it appears that this Court is statutorily prohibited from authorizing discontinuation of the filing fee collection. And even if the Court were not prohibited from affording him this relief, such relief would be a matter within the Court's discretion (rather than something to which Plaintiff is *entitled*), and the Court fails to see why it would exercise its

discretion to grant such relief merely because Plaintiff ultimately changed his mind and now wishes he had never filed this action.

His request to end the draw of fee payments from his inmate trust account is therefore **DENIED.**

IT IS SO ORDERED.

                                                *Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE